IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Trustees of the Plumbers and Pipefitters National Pension Fund, ) ) ) ) Plaintiffs, ) ) v. ) ) Despenas Mechanical, Inc. ) *et al.*, ) ) Defendants. ) ) | Civil Action No. 1:11cv1205 (TSE/TRJ) |

**REPORT AND RECOMMENDATION**

This case is before the court on plaintiffs' motion for default judgment (no. 12) against defendants Despenas Mechanical, Inc. ("Despenas Mechanical") and AG Consulting, L.L.C. ("AGC"). Process for defendants was served by private process server on February 15, 2012 (nos. 7, 8). No answer or other response to the complaint has been filed. The Clerk entered default on March 27, 2012 (no. 11).

**Jurisdiction and Venue**

The court has subject matter jurisdiction under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1132, 1145). Venue is proper in this court under 29 U.S.C. § 1132(e)(2) (ERISA § 502(e)(2)). The complaint alleges facts on which the court has personal jurisdiction over defendants under Fed. R. Civ. P. 4(k) and Va. Code § 8.01-328.1(A)(1).

**Fact Summary**

The following facts are established by the complaint and by plaintiffs' affidavits in support of default judgment.

Plaintiffs, Trustees of the Plumbers & Pipefitters National Pension Fund (hereinafter the "National Pension Fund"), are the trustees of a multi-employer employee benefit plan, as defined in 29 U.S.C. §§ 1002(3) and (37) (ERISA §§ 3(3) and 3(37)). Compl. ¶ 1. Establishment and maintenance of the National Pension Fund is pursuant to a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement between affiliated local unions of the United Association of Journeymen and Apprentices of the United States and Canada and contributing employers. *Id.*

Defendant Despenas Mechanical is a corporation existing under the laws of the State of Iowa with an office located in Iowa. Compl. ¶ 2. Despenas Mechanical transacts or transacted business in the State of Iowa as a contractor or subcontractor in the plumbing and pipefitting industry. *Id*. At all times herein, Despenas Mechanical was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), and 2(2) of the Labor-Management Relations Act ("LMRA") (29 U.S.C. §§ 142(1), (3), and 152(2)); 29 U.S.C. §§ 1002(5), (9), (11), (12), and (14) (ERISA §§ 3(5), (9), (11), (12), and (14)); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C. § 1001(a)). *Id.* Despenas Mechanical is owned by Regina Despenas. *Id.*

Defendant AGC is a limited liability company existing under the laws of the State of Iowa with an office located at the same address as Despenas Mechanical in Iowa. Compl. ¶ 3. AGC is owned by Regina Despenas's husband, Aaron Despenas. *Id.*

Beginning in 2001, Despenas Mechanical was a signatory to successive collective

bargaining agreements (the "Agreement") between members of the Central Iowa Chapter of the Mechanical Contractors Association of Iowa, Inc. and United Association Local Union No. 33 ("Local 33").  Compl. ¶ 6.  Pursuant to the Agreement, Despenas Mechanical was obligated to contribute to the National Pension Fund certain sums of money for each hour worked by employees of Despenas Mechanical covered by the Agreement.  *Id.*  The Agreement also bound Despenas Mechanical to the terms of the aforementioned Restated Agreement and Declaration of Trust.  *Id.*

Despenas Mechanical contributed to the National Pension Fund as required by the Agreement through November 2009, when it informed Local 33 that it was not performing any further work and therefore would not be contributing any further to the National Pension Fund.  Compl. ¶ 7.  Thereafter, AGC performed and continues to perform work in the jurisdiction of Local 33 of the type for which Despenas Mechanical was obligated to contribute to the National Pension Fund.  *Id.*

On March 17, 2011, plaintiffs sent a letter to Despenas Mechanical stating that it was subject to withdrawal liability pursuant to 29 U.S.C. § 1381 (ERISA § 4201) in the amount of $180,280.00, for which plaintiffs provided an amortization schedule comprising 17 monthly payments of $10,473.00 beginning on May 1, 2011 and one final payment of $7,325.00.  Compl. ¶ 9; Exh. A to Decl. of William T. Sweeney, Jr. (no. 18).  That amount was calculated according to the methodology set forth in 29 U.S.C. §§ 1391, 1389, and 1399, as well as the National Pension Fund plan.  Pls.' Supp. Brief (no. 17) at 5-8.  Plaintiffs' letter also advised Despenas Mechanical of its right to seek review of the withdrawal liability assessment pursuant to 29 U.S.C. § 1399(b)(2)(A) (ERISA § 4219(b)(2)(A)) within 90 days of receipt of the letter.  Compl. ¶ 9;  Exh. A to Decl. of William T. Sweeney, Jr. (no. 18).  Plaintiffs received an email from

Regina Despenas on March 29, 2011, stating that Despenas Mechanical had ceased operations in December 2009, that she and her husband had filed for personal bankruptcy, and that her husband had started another business.  Compl. ¶ 10.

On May 4, 2011, plaintiffs sent a letter to Despenas Mechanical indicating that its May 1 withdrawal liability payment was past due.  Compl. ¶ 11.  On June 2, 2011, plaintiffs sent a letter to Despenas Mechanical indicating that its June 1 and May 1 withdrawal liability payments were past due.  Compl. ¶ 12.  Despenas Mechanical neither remitted payment nor sought review of the liability assessment.  Compl. ¶ 13.  On August 23, 2011, plaintiffs sent a letter to Despenas Mechanical indicating that it was in default of its withdrawal liability, and demanding payment of the entire withdrawal liability amount plus interest.  Compl. ¶ 14.

## Analysis and Findings

First, the magistrate judge finds that defendants are properly considered a "single employer" pursuant to 29 U.S.C. § 1301(b) and 26 C.F.R. § 1.414(c)-4(b)(5)(i).  AGC is owned by Aaron Despenas, who is the husband of Regina Despenas, the owner of Despenas Mechanical. 26 C.F.R. § 1.414(c)-4(b)(5)(i), which controls pursuant to 29 U.S.C. § 1301(b)(1), provides that an individual is considered to own an interest owned by his or her spouse.  Aaron Despenas's ownership of AGC is therefore imputed to Regina Despenas, thereby bringing defendants under common control.  *See Cent. States, Se. & Sw. Areas Pension Fund v. Johnson*, 991 F.2d 387, 389 (7th Cir. 1993) ("The spousal attribution rule counts both spouses as one person to determine whether multiple businesses share the same owner.  For example, if the husband owns 100% of business A and the wife owns 100% of business B, the regulation attributes the wife's ownership interest in B to her husband.  Then business A and business B are considered owned by the same person, and hence part of the same controlled group.").  Thus, pursuant to 29 U.S.C. § 1301(b),

defendants are considered a single employer.[1]

Second, the magistrate judge finds that defendants have effected a complete withdrawal from the National Pension Fund pursuant to 29 U.S.C. § 1383 (b)(2). Despenas Mechanical stopped operations in November 2009 and stopped making contributions to the National Pension Fund, but AGC has performed and continues to perform work in Local 33's jurisdiction of the type for which Despenas Mechanical was obligated to contribute to the National Pension Fund. Despenas Mechanical therefore ceased to have an obligation to contribute as contemplated in 29 U.S.C. § 1383 (b)(2)(A), and AGC continued to perform work in the jurisdiction of the Agreement for which contributions were previously required as contemplated in 29 U.S.C. § 1383(b)(2)(B)(i). Because, as discussed above, defendants are considered a single employer, their combined actions constitute a withdrawal pursuant to 29 U.S.C. § 1383(b)(2).

Third, the magistrate judge finds that defendants, by their withdrawal, have incurred withdrawal liability pursuant to 29 U.S.C. § 1381. Fourth, the magistrate judge finds that defendants are in default of their obligation to pay the withdrawal liability pursuant to 29 U.S.C. § 1399(c)(5). Defendants have not made any payment, and have not cured their delinquency within 60 days after plaintiffs' written notice to them.

Fifth, the magistrate judge finds that, as a failure to make timely withdrawal liability payment is treated in the same manner as a delinquent contribution pursuant to 29 U.S.C. § 1451(b), plaintiffs are entitled to (1) the withdrawal liability amount; (2) interest on the withdrawal liability amount; (3) an amount equal to the greater of interest on the withdrawal liability amount or liquidated damages as provided in the National Pension Fund plan not

---

[1] Note that there is an exception to the spousal attribution rule, set forth in 26 C.F.R. § 1.414(c)-4(b)(5)(ii), but there is nothing in the record to suggest that the exception applies in this case.

exceeding 20% of the withdrawal liability amount; and (4) attorneys' fees and costs pursuant to 29 U.S.C. §§ 1145 and 1132(g)(2).

Sixth, the magistrate judge finds that the amount of the withdrawal liability is $180,280.00. Plaintiffs calculated the amount of withdrawal liability according to the methodology provided by statute and the National Pension Fund plan. Furthermore, Despenas Mechanical did not object to the stated amount or seek review of it within 90 days after receiving notice of liability.

Seventh, the magistrate judge finds that interest accrues from May 1, 2011, the due date of the first withdrawal liability payment, through the date payment is made at a rate of 3.25% per annum, in accordance with 29 U.S.C. § 1132(g)(2), 29 C.F.R. § 4219.32, and the National Pension Fund plan. *See* Aff. of William T. Sweeney, Jr. (no. 13-1) ¶ 8. Eighth, the magistrate judge finds that the amount of accrued interest calculated through April 6, 2012 is $5,473.84.

Ninth, the magistrate judge finds that, per the National Pension Fund plan, liquidated damages are assessed at the greater of interest on the unpaid balance or 20% of the unpaid amount awarded. *See id.* Eleventh, the magistrate judge accordingly finds that plaintiffs are entitled to liquidated damages of $36,056.00.

In sum, therefore, the following amounts are due and owing:

| Fund | Withdrawal Liability | Liquidated Damages | Interest[2] |
|---|---|---|---|
| National Pension Fund | $180,280.00 | $36,056.00 | $5,473.84 |
| **TOTAL** | **$180,280.00** | **$36,056.00** | **$5,473.84** |

Twelfth, the magistrate judge finds that plaintiffs are entitled to $3,150.00 in attorneys'

---

[2] Calculated through April 6, 2012.

fees and $671.29 in costs. Plaintiffs' counsel avers under oath that the following is an accurate representation of the attorneys' fees and costs incurred in this proceeding:

| Attorneys' Fees | | | |
|---|---|---|---|
| Service | Rate | Time Used | Cost |
| Counsel #1 (2011) | $250.00 | 0.25 | $62.50 |
| Counsel #1 (2012) | $300.00 | 1.25 | $375.00 |
| Counsel #2 (2011) | $250.00 | 2.25 | $562.50 |
| Counsel #2 (2012) | $300.00 | 0.5 | $150.00 |
| Counsel #3 | $250.00 | 3.0 | $750.00 |
| Counsel #4 | $250.00 | 2.0 | $500.00 |
| Counsel #5 | $300.00 | 1.0 | $300.00 |
| Paralegal | $150.00 | 3.0 | $450.00 |
| **Total** | | | **$3,150.00** |

| Costs | |
|---|---|
| Filing Fee | $350.00 |
| Service of Process Fee | $220.00[3] |
| Computerized Research Fee | $101.29 |
| **TOTAL** | **$671.29** |

The magistrate judge has examined the record and finds that this amount is reasonable compensation for work necessarily expended to enforce plaintiffs' rights.

Thirteenth, the magistrate judge finds that by virtue of being part of the same controlled group, defendants are jointly and severally liable. *See Teamsters Joint Council No. 83 v. Centra,*

---

[3] The affidavit provided by plaintiffs' counsel states that process service fees were $260.00. *See* Decl. of Attys.' Fees (no. 13-2) ¶ 6. This appears to be a clerical error, as the supporting documentation shows that process service fees totaled $220.00. *See* Appx. 2 to Decl. of Attys.' Fees.

*Inc.*, 947 F.2d 115, 120 (4th Cir. 1991) ("It is established law that each member of a control group is jointly and severally liable under ERISA for withdrawal liability generated by any member's activities.") (citations omitted).

On these facts, the magistrate judge finds that the submitted pleadings and affidavits establish that plaintiffs are entitled to a default judgment and damages in accordance with the following:

| **Total Amount Due** | |
|---|---:|
| Withdrawal Liability | $180,280.00 |
| Liquidated Damages | $36,056.00 |
| Accrued Interest[4] | $5,473.84 |
| Attorneys' Fees | $3,150.00 |
| Costs | $671.29 |
| **Total** | **$225,631.13** |

## Recommendation

The magistrate judge recommends that default judgment be entered against defendants Despenas Mechanical, Inc. and AG Consulting, L.L.C., jointly and severally, in favor of plaintiffs in the amount of $225,631.13, plus interest on the withdrawal liability continuing to accrue at 3.25% per annum from April 6, 2012 until full payment is made.

## Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendants at their addresses for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this

---

[4] Calculated through April 6, 2012.

report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

May 4, 2012
Alexandria, Virginia